UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGNES L. GUEVARRA  Plaintiff,  v.  CAPITAL ONE FINANCIAL CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC, AND EQUIFAX INFORMATION SERVICES, LLC,  Defendants. | CIVIL ACTION  COMPLAINT 1:20-cv-01177  JURY TRIAL DEMANDED |

## **COMPLAINT**

**NOW COMES** AGNES L. GUEVARRA ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, CAPITAL ONE AUTO FINANCE CORPORATION ("Capital One"), EXPERIAN INFORMATION SOLUTIONS, INC, ("Experian"), and EQUIFAX INFORMATION SERVICES, LLC, ("Equifax" and collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

4. Plaintiff Agnes Guevarra is a consumer and a natural person over 18-years-of-age.

5. Capital One is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of Illinois. Capital One is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

6. Capital One is a furnisher of information as contemplated by 15 U.S.C. §1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

7. Experian is a corporation incorporated in the state of Ohio and is authorized to do business in the State of Illinois. Experian is in the business of compiling and maintaining files on consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

8. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

9. Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

10. Equifax is a corporation incorporated in the state of Georgia, is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State. It has a registered agent located in Illinois.

11. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

12. Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

### FACTUAL ALLEGATIONS

13. On January 17, 2014, Plaintiff financed a car through Capital One ("subject loan").

14. Plaintiff maintained her monthly payments towards the subject loan and was current at all times throughout the duration of the loan.

15. On August 11, 2017, Plaintiff filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Illinois, case number 17-24125.

16. The subject loan was not included in the Bankruptcy or paid through Plaintiff's Bankruptcy. Plaintiff continued to make on time payments on the subject loan throughout the Bankruptcy.

17. In January 2019, Plaintiff fully paid off the subject loan.

18. In April 2019, Plaintiff received the title to the vehicle previously beholden to the subject loan.

19. On July 5, 2019, Plaintiff's bankruptcy case was discharged.

### CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EQUIFAX AND EXPERIAN

20. After receiving her bankruptcy discharge, Plaintiff pulled her Equifax and Experian credit reports to make sure all creditors were reporting accurately. Plaintiff discovered that Equifax, Experian, and Capital One were reporting the subject loan with an incorrect date of last payment,

an incorrect status, and with incorrect remarks.[1] Furthermore, Plaintiff's Equifax report was showing an incorrect Date of First Delinquency as Plaintiff was never delinquent.

21. The reporting of the subject loan was patently inaccurate, incomplete, and materially misleading because Plaintiff was never delinquent and the subject loan was paid in full outside of her Bankruptcy.

### a. Plaintiff's Dispute Letter to Equifax

22. On December 6, 2019, Plaintiff sent a detailed dispute letter to Equifax requesting that her credit report be updated to accurately reflect the status of the subject loan. Plaintiff specifically disputed the Capital One trade line.

23. Among other items, Plaintiff's dispute letter stated the following:

> "This account was paid outside of my Chapter 13 and the status, date of last payment, date of first delinquency, delinquency first reported, and comments are incorrect. I never missed a payment and I ask that you verify the same with Capital One and update this account. Additionally, the date of last payment was January 2019 and I received the Title to the car in April 2019. Again, please contact Capital One and update the inaccurate information and remove the language "Bankruptcy Chapter 13" and "included in Chapter 13" as it was not."

24. Upon information and belief, Capital One received notice of Plaintiff's dispute letter and all enclosed supporting documents from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### b. Capital One and Equifax's Failure To Correct Inaccurate Reporting

25. On January 8, 2020, Equifax responded to Plaintiff's dispute by failing to properly reinvestigate Plaintiff's dispute.

26. Despite receiving Plaintiff's dispute letter, Equifax and Capital One continued to report the subject loan with an incorrect date of last payment as August 2017, an incorrect status of "included

---

[1] To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA"), in cooperation with the Credit Reporting Agencies, publishes a Credit Reporting Resource Guide for reporting data called the "Metro 2 Format."

in wage earner plan", an incorrect date of first delinquency of July 2017, and with incorrect additional information of "Bankruptcy Chapter 13-Bankruptcy Completed."

27. The reporting of the Capital One trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff did not make any payments on the subject loan, nor did she become delinquent at any time. However, Plaintiff is no longer personally liable on the subject loan, as the account was fully paid and closed in January 2019.

28. Moreover, the reporting of the Capital One trade line inaccurately represented that the subject loan was included in Plaintiff's bankruptcy despite paying the subject loan outside of Plaintiff's Chapter 13 plan.

### c. Plaintiff's Dispute Letter to Experian

29. On December 6, 2019, Plaintiff sent a detailed dispute letter to Experian requesting that her credit report be updated to accurately reflect the status of the subject loan. Plaintiff specifically disputed the Capital One trade line.

30. Among other items, Plaintiff's dispute letter stated the following:

> "This account was paid outside of my Chapter 13 and the status, date of last payment, date of first delinquency, delinquency first reported, and comments are incorrect. I never missed a payment and I ask that you verify the same with Capital One and update this account. Additionally, the date of last payment was January 2019 and I received the Title to the car in April 2019. Again, please contact Capital One and update the inaccurate information and remove the language "Bankruptcy Chapter 13" and "included in Chapter 13" as it was not."

31. Upon information and belief, Capital One received notice of Plaintiff's dispute letter and all enclosed supporting documents from Experian within five days of Experian receiving Plaintiff's dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### d. Capital One and Experian's Failure To Correct Inaccurate Reporting

32. On January 8, 2020, Experian responded to Plaintiff's dispute by failing to properly reinvestigate Plaintiff's dispute.

5

33. Despite receiving Plaintiff's dispute letter, Experian and Capital One continued to report the subject loan with an incorrect date of last payment of August 2017, an incorrect status of "Discharged through Bankruptcy Chapter 13."

34. The reporting of the Capital One trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff did not make her contractual payments towards the subject loan between August 2017 and January 2019.

35. Moreover, the reporting of the Capital One trade line inaccurately represented that the subject loan was included and discharged through Plaintiff's bankruptcy despite paying the subject loan outside of Plaintiff's Chapter 13 plan.

## IMPACT OF CONTINUING INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILES

36. The erroneous reporting of the subject loan paints a false and damaging image of Plaintiff. After they were provided notice by Plaintiff and Capital One, Equifax and Experian did not update the Capital One trade line to accurately reflect the subject loan.

37. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

38. The inaccurate reporting of subject loan had significant adverse effects on Plaintiff's credit rating because it created a false impression that Plaintiff was still personally liable and obligated to pay on the subject loan, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

39. In an effort to remedy the continued inaccurate and incomplete reporting of the subject loan and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a subscription to her credit reports from ScoreSense.com.

6

40. Plaintiff suffered monetary damages he otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the subject loan after Plaintiff's dispute.

41. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

42. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to force compliance with the Fair Credit Reporting Act.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CAPITAL ONE)

43. Plaintiff restates and reallages paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

45. Capital One is a "person" as defined by 15 U.S.C. §1681a(b).

46. Capital One is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

47. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

48. Capital One violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, Experian, and Plaintiff.

49. Capital One violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff, Experian, and Equifax pursuant to 15 U.S.C. §1681i(a)(2).

50. Had Capital One reviewed the information provided by Plaintiff, and Equifax, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to Equifax and Experian. Instead, Capital One wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

51. Capital One violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation of Plaintiff's dispute with Equifax and Experian.

52. Capital One violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to Equifax and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject loan and Plaintiff.

53. Capital One violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's credit files.

54. Capital One failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax and Experian under 15 U.S.C. §1681i(a)(1).

55. Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Capital One did not correct the errors or trade line to report accurately and completely. Instead, Capital One wrongfully furnished and reported the inaccurate, incomplete, and misleading information after Plaintiff's dispute to one or more third parties.

56. A reasonable investigation by Capital One would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff's credit file.

57. Had Capital One taken steps to investigate Plaintiff's valid dispute or Equifax and Experian's request for investigation, it would have permanently corrected the erroneous and

8

misleading credit reporting. Plaintiff provided all relevant information in her request for investigation.

58. By deviating from the standards established by the loan servicing industry and the FCRA, Capital One acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and Experian.

**WHEREFORE,** Plaintiff AGNES L. GUEVARRA respectfully prays this Honorable Court for the following relief:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Order the deletion or modification of all adverse credit reporting relating to the subject loan;
   c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
   d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
   g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATION OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

59. Plaintiff restates and realleges paragraphs 1 through 57 as though fully set forth herein.

60. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

61. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

62. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

63. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free

9

of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

64. Plaintiff provided Equifax with all relevant information and documentation in her request for investigation to show that Equifax was reporting the subject loan inaccurately.

65. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject loan with an incorrect date of last payment, a status stating that the account was included in a wage earner plan, and additional information stating the account was in Plaintiff's Chapter 13 Bankruptcy, when in fact Plaintiff had paid the account in full outside of the Bankruptcy. Furthermore, Equifax was reporting an incorrect date of first delinquency, when Plaintiff had never been delinquent on the account.

66. A simple review of the subject loan would have confirmed that the subject loan was not included in Plaintiff's Chapter 13 Bankruptcy and that the account was never delinquent.

67. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff.

68. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiff's credit files.

69. Had Equifax taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loan was not included in Plaintiff's Bankruptcy, never delinquent, and paid in full in January 2019.

70. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Capital One. Upon information and belief, Equifax also failed to include all relevant

10

information as part of the notice to Capital One regarding Plaintiff's dispute that Equifax received from the Plaintiff.

71. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Capital One with regard to the subject loan.

72. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

73. After Plaintiff's written detailed dispute, Equifax had specific information related to the subject loan.

74. Equifax knew that the inaccurate designation of the subject loan on Plaintiff's credit file would have a significant adverse effect on Plaintiff's credit worthiness.

75. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

76. Despite actual knowledge that Plaintiff's credit file was erroneous, Equifax readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting Plaintiff and, ultimately, Plaintiff's creditworthiness.

77. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

78. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

79. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting her credit information.

80. Equifax acted reprehensibly and carelessly by reporting Plaintiff's account with an incorrect date of last payment, an incorrect date of first delinquency, and as having been included in Plaintiff's Chapter 13 Bankruptcy plan, as Plaintiff paid the subject loan in full outside of the Bankruptcy.

81. Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

82. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff AGNES L. GUEVARRA respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion of all adverse credit reporting;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award each Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATION OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

83. Plaintiff restates and realleges paragraphs 1 through 80 as though fully set forth herein.

84. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

85. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

86. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

87. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

88. Plaintiff provided Experian with all relevant information and documentation in her request for investigation to show that Experian was reporting the subject loan inaccurately.

89. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject loan with an incorrect date of last payment, a status stating that the account was included in a wage earner plan, and remarks stating the account was in Plaintiff's Chapter 13 Bankruptcy, when in fact Plaintiff had paid the account in full outside of the Bankruptcy.

90. A simple review of the subject loan would have confirmed that the subject loan was not included in Plaintiff's Chapter 13 Bankruptcy and that the account was never delinquent.

91. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff.

92. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiff's credit files.

93. Had Experian taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loan was not included in Plaintiff's Bankruptcy and paid in full in January 2019.

94. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Capital One. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Capital One regarding Plaintiff's dispute that Experian received from the Plaintiff.

95. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Capital One with regard to the subject loan.

96. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

97. After Plaintiff's written detailed dispute, Experian had specific information related to the subject loan.

98. Experian knew that the inaccurate designation of the subject loan on Plaintiff's credit file would have a significant adverse effect on Plaintiff's credit worthiness.

99. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

100. Despite actual knowledge that Plaintiff's credit file was erroneous, Experian readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting Plaintiff and, ultimately, Plaintiff's creditworthiness.

101. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

102. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

103. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting her credit information.

104. Experian acted reprehensively and carelessly by reporting Plaintiff's account with an incorrect date of last payment and as having been included in Plaintiff's Chapter 13 Bankruptcy plan, as Plaintiff paid the subject loan in full outside of the Bankruptcy.

105. Upon information and belief, Experian has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

106. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff AGNES L. GUEVARRA respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion of all adverse credit reporting;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award each Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 18, 2020                    Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com